The Hippodrome Building Co., Appellant, *v.* Cuyahoga County Board of Revision, Appellee. (Four cases.)*

(Nos. 25807, 25808, 25809 and 25810—Decided April 19, 1962.)

*Messrs. Ulmer, Berne, Laronge, Glickman & Curtis* and *Mr. Sidney B. Fink,* for appellant.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. George W. Leddon,* for appellee.

*Per Curiam.* The appeals in these cases come to this court from a decision of the Board of Tax Appeals, appealed to it from the decision of the Board of Revision of Cuyahoga County, wherein the issue is as to the assessed value of five parcels of land in downtown Cleveland for the year 1959. The county auditor had assessed the property for the year 1955, and for each year thereafter, including the year 1959, as follows:

| Permanent Parcel No. | Valuation of Land |
|---|---|
| 101-27-19 | $ 130,490.00 |
| 101-27-26 | 1,159,470.00 |
| 101-27-27 | 249,840.00 |
| 101-27-29 | 117,630.00 |
| 101-27-30 | 50,220.00 |
| Total | $1,707,650.00 |

The Cuyahoga County Board of Revision, after a hearing on the appellant's complaint, reassessed the land for 1959 at the same figure and without change. Upon appeal to the Board of Tax Appeals, and after a full hearing, the board found the true

---

*Motions to certify the record overruled (37662, 37663, 37664 and 37665), November 21, 1962.

land value of each of the parcels in money for the year 1959 to be:

| Permanent Parcel No. | Assessed Value of Land |
|---|---|
| 101-27-19 | $ 118,746.00 |
| 101-27-26 | 1,055,118.00 |
| 101-27-27 | 227,354.00 |
| 101-27-29 | 107,043.00 |
| 101-27-30 | 45,700.00 |
| Total | $1,553,961.00 |

The record discloses that the only witness called before the Board of Tax Appeals by the appellee (having been employed for that purpose), after giving his background and experience, expressed his opinion as to the value of the land in the exact amount for each parcel as that returned by the county auditor for the years 1958 to 1959. This was also the same value fixed by the County Board of Revision for that period. He admitted that during the five years, beginning with 1955, the value of downtown property had depreciated in commercial value, and that the rental of the Hippodrome properties had decreased appreciably. He was unwilling to relate these admitted circumstances as a factor requiring a revision of the assessed value of the real property here involved so that the assessed value would represent the true value in money of the land.

One of the appraisers for the appellant, after clearly establishing his qualifications as an appraiser of downtown commercial property, then approached the appraisal by four recognized methods and then averaged the result, which was:

| Permanent Parcel No. | Valuation of Land |
|---|---|
| 101-27-19 | $ 54,386.00 |
| 101-27-26 | 816,143.00 |
| 101-27-27 | 159,325.00 |
| 101-27-29 | 52,480.00 |
| 101-27-30 | 43,391.00 |
| Total | $1,125,725.00 |

Another witness (in fact, one who has a substantial interest in the property) well qualified to appraise the value of downtown commercial property, after explaining the method by

which his conclusions were reached, and the value placed on each parcel, testified that in his opinion the total value of the five parcels in money was $1,080,000.

When the Board of Tax Appeals fixes the true value of the land in question at a figure which is not supported by any of the testimony, lower than that fixed by the Cuyahoga County Board of Revision and its appraiser, and higher than that fixed by appellant's appraisers and without any apparent relationship to the evidence on either side, the conclusion that must be reached is that such decision is unreasonable and unlawful and must be modified.

Accordingly, upon a careful consideration of all the evidence, we determine and hold the true value in money of the several parcels of land to be:

| Permanent Parcel No. | True Value In Money - Land Only |
|---|---|
| 101-27-19 | $     54,386.00 |
| 101-27-26 | 816,143.00 |
| 101-27-27 | 159,325.00 |
| 101-27-29 | 52,480.00 |
| 101-27-30 | 43,391.00 |
| Total | $1,125,725.00 |

The decision of the Board of Tax Appeals is, therefore, modified in the amounts as set out above, and as thus modified, final judgment is entered, separately, as to each parcel of land indicated.

*Judgment accordingly.*

KOVACHY, P. J., SKEEL and HURD, JJ., concur.